IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EAGLE MANUFACTURING,**
**Employer Below, Petitioner**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-97**      (BOR Appeal No. 2058193)
(JCN: 2014027013)

**TERRI BECCA,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eagle Manufacturing ("Eagle") appeals the August 19, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Terri Becca ("Ms. Becca") filed a timely response.[1] Eagle did not file a reply. The issue on appeal is whether the Board erred in affirming the decision of the Office of Judges ("OOJ"), which awarded Ms. Becca an additional award of 4% permanent partial disability ("PPD"), increasing her prior total PPD award from 47% to 51%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. As explained below, we find no error in the Board's determination that the OOJ properly concluded that Ms. Becca was entitled to an additional award of 4% PPD. Accordingly, a memorandum decision affirming the Board's order is appropriate under Rule 21(c) of the Rules of Appellate Procedure.

On March 4, 2014, Ms. Becca sustained compensable workplaces injuries to her left wrist and left upper extremity while working at Eagle's manufacturing plant. By claim administrator's decision dated April 20, 2017, Ms. Becca was awarded 47% PPD. This award was based upon the independent medical examination ("IME") of Dr. Abraham who found that under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Ms. Becca had a whole person impairment ("WPI") of 47%.[2]

---

[1] Eagle is represented by Melissa M. Stickler, Esq. Ms. Becca is represented by James D. McQueen, Jr., Esq.

[2] Based upon the appellate record, the only mention of Dr. Abraham is in the claim administrator's April 20, 2017, decision and his or her full name is not given.

On October 11, 2018, a subsequent IME was performed by Dr. Bruce A. Guberman, M.D. Dr. Guberman concluded Ms. Becca had a poor prognosis; had reached maximum medical improvement ("MMI"); and pursuant to the *Guides*, her WPI was now 51%. Based on Dr. Guberman's evaluation, Ms. Becca filed a petition to reopen her claim for an additional PPD award in January 2020. Thereafter, Dr. Joseph E. Grady II, M.D., conducted another IME of Ms. Becca on January 15, 2021. Dr. Grady's report concluded that Ms. Becca's prognosis was poor; a causal relationship existed between her injury and her March 4, 2014, workplace incident; and that she had reached MMI for her compensable conditions. Pursuant to the *Guides*, Dr. Grady concluded that Ms. Becca had a WPI of 47%.

By letter dated January 29, 2021, the claim administrator denied Ms. Becca's request for additional PPD. The claim administrator found Ms. Becca's most recent evaluation by Dr. Grady had determined her WPI to be 47%, which was the same degree of impairment she had been compensated for in April 2017. Ms. Becca protested this decision to the OOJ.

The IME reports of Dr. Guberman and Dr. Grady were the only evidence submitted to the OOJ on appeal. In her closing argument, Ms. Becca argued that the decision of the claim administrator should be reversed because the IME reports were of equal evidentiary weight and pursuant to West Virginia Code § 23-4-1g(a) (2003),[3] Ms. Becca was entitled to prevail with an award of the 51% WPI outlined in Dr. Guberman's report. By order dated April 8, 2022, the OOJ discussed the findings of both IME reports in detail, noting that both Dr. Guberman and Dr. Grady had properly used the *Guides*, and that the distinction between the impairment values contained in each report were based solely on each physician's interpretive findings regarding Ms. Becca's range-of-motion ("ROM") at the time of her respective evaluations. To that end, the OOJ concluded:

> The differences between the two reports stem from what [Ms. Becca] could do at the time of the respective evaluation (regarding ROM measurements) and the physician's opinion of how much of a range of value should be used. There is no other evidence on record to help determine if one or the other physician's findings are more in accord with the other evidence (if there was any) or more reliable. Because both physicians utilized the *Guides* properly and in the same manner, the undersigned finds that the findings of Dr. Guberman and Dr. Grady are of equal evidentiary weight.

As a result, the OOJ reversed the claim administrator's decision and awarded Ms. Becca an additional 4% PPD, increasing her total PPD award from 47% to 51%.

---

[3] West Virginia Code § 23-4-1g(a) provides, in part, that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

Eagle timely appealed that decision to the Board, and on August 19, 2022, the Board entered an order that adopted the findings and conclusions of the OOJ and affirmed the OOJ's ruling in favor of Ms. Becca. Eagle now appeals.[4]

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cty. Comm'n*, No. 22-ICA-10, ___ W. Va. ___, ___ S.E.2d ___, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Eagle argues that the OOJ failed to properly analyze the evidence when it determined that the reports of Dr. Grady and Dr. Guberman were of equal evidentiary weight pursuant to West Virginia Code § 23-4-1g(a). In support, Eagle contends that the OOJ's finding is erroneous because both physicians arrived at different levels of

---

[4] The parties' respective briefs fail to comply with our Rules of Appellate Procedure. Eagle's brief does not comport with the requirements of Rules 10(a), 10(c), and 12(e), in that the brief lacks a table of contents, assignment(s) of error, a statement regarding oral argument, the sections provided in the brief are not listed in the order required by the Rules, and the brief's argument section fails to cite to the record or authority. Eagle's appendix is also not paginated as required by Rule 7(b) and fails to conform to the general requirements for appendices as outlined in Rule 7(c). Ms. Becca's brief does not comply with Rules 10(a), 10(d), and 12(h). The section headings are mislabeled and contain superfluous language. The brief fails to separately list the sections in the required order and to use the section headings outlined by the Rules. All counsel are directed to comply with the requirements of our Rules of Appellate Procedure in all future filings with this Court.

impairment while properly applying the *Guides*. Therefore, Eagle asserts that the Board erred in affirming the OOJ's decision.

In workers' compensation claims, the weighing of evidence is governed by West Virginia Code § 23-4-1g. Relevant here is subsection (a), which provides:

> For all awards made on or after the effective date of the amendment and reenactment of this section during the year two thousand three, resolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

Considering these principles, we conclude that the OOJ's decision clearly weighed and considered all the evidence as required by statute. In its order, the OOJ noted the only evidence submitted were the two IME reports and the OOJ discussed each report's findings at length. Based on its evaluation of the IME reports, the OOJ found that both reports rated the same compensable conditions, and that both Dr. Guberman and Dr. Grady properly utilized the *Guides* in calculating Ms. Becca's WPI. More importantly, in concluding the reports were entitled to equal evidentiary weight, the OOJ expressly found that absent the variance in each physician's subjective ROM interpretations, it had no objective evidence before it to render one report more reliable than the other.

As such, we find that the OOJ did not err in attributing equal weight to the IME reports of Dr. Guberman and Dr. Grady. *See Williams v. Performance Coal Co.*, No. 15-0288, 2016 WL 765751, at *3 (W. Va. Feb. 26, 2016) (memorandum decision), "[b]ecause the [OOJ], as trier of fact, did not specifically discredit any of the [IME] reports of record, all of the reports are entitled to equal evidentiary weight." We also find the OOJ complied with West Virginia Code § 23-4-1g(a), by awarding Ms. Becca an additional 4% PPD.

Accordingly, we find no error in the Board's order adopting the findings and conclusions of the OOJ and reversing the decision of the claim administrator. Because we find no ground for reversal under West Virginia Code § 23-5-12a(b), we affirm the Board's order increasing Ms. Becca's total PPD award from 47% to 51%.

4

Affirmed.

**ISSUED:**  February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen